1482

# MOTION DOCKET

**93–2459.** Blue Cross & Blue Shield of Ohio v. Hrenko. *Cuyahoga County,* No. 63907. This cause is pending before the court as an appeal from the Court of Appeals for Cuyahoga County. On February 14, 1995, appellee filed a list of additional authorities pursuant to S.Ct.Prac.R. IX(7). In that appellee's document contains more than a list of citations to the authorities, it does not comply with S.Ct.Prac.R. IX(7). Accordingly,

IT IS ORDERED by the court, *sua sponte,* effective February 22, 1995, that appellee's document be, and hereby is, stricken.

**94–1669.** Smith v. Serv–A–Portion, Inc. *Hamilton County,* No. C–940214. On February 10, 1995, appellant filed a motion for reconsideration of this court's January 11, 1995 denial of stay. There being no provision in the Supreme Court Rules of Practice permitting the filing of a motion for reconsideration of a denial of a motion for stay,

IT IS ORDERED by the court, *sua sponte,* effective February 22, 1995, that appellant's motion be, and is hereby, stricken.

**94–2407.** State ex rel. Optimum Technology, Inc. v. Fisher. In Mandamus and Prohibition. This cause originated in this court upon the filing of a complaint for writs of mandamus and prohibition. On February 17, 1995, respondent, Ohio Attorney General, filed a reply memorandum relating to respondent's motion to dismiss. There being no provision in the Supreme Court Rules of Practice permitting the filing of reply memoranda,

IT IS ORDERED by the court, *sua sponte,* effective February 22, 1995, that respondent's reply memorandum be, and is hereby, stricken.

**94–2420.** DLZ Corp. v. Fisher. In Mandamus and Prohibition. This cause originated in this court upon the filing of a complaint for writs of mandamus and prohibition. On February 17, 1995, respondent, Ohio Attorney General, filed a reply memorandum relating to respondent's motion to dismiss. There being no provision in the Supreme Court Rules of Practice permitting the filing of reply memoranda,

IT IS ORDERED by the court, *sua sponte,* effective February 22, 1995, that respondent's reply memorandum be, and is hereby, stricken.

**95–54.** State ex rel. Scott v. Wilkinson. In Mandamus. This cause originated in this court upon the filing of a complaint for a writ of mandamus. On February 14, 1995, relator filed a motion in opposition to respondents' motion to dismiss. Rule XIV(1)(C) of the Rules of Practice of the Supreme Court prohibits the filing of a response to a motion that is not timely tendered for filing. Accordingly,

IT IS ORDERED by the court, *sua sponte,* effective February 22, 1995, that relator's motion in opposition to respondents' motion to dismiss be, and hereby is, stricken.

**95–58.** State ex rel. Huebner v. W. Jefferson Council. *Madison County,* No. CA94–08–030. This cause is pending before this court as an appeal of right from the Court of Appeals for Madison County. On February 10, 1995, appellees filed a memorandum in response. Whereas S.Ct.Prac.R. II(1)(A)(1) provides that the parties shall brief an appeal of right in accordance with S.Ct.Prac.R. VI,

IT IS ORDERED by the court, *sua sponte,* effective February 22, 1995, that appellees' memorandum in response be, and is hereby, stricken.

**95–76.** Cohen v. United Serv. Auto. Assn. *Cuyahoga County,* No. 67094. This cause is pending before the court as a discretionary appeal. On February 13, 1995, appellee filed a motion for extension of time to file a memorandum in response. Whereas there is no provision in the Supreme Court Rules of Practice permitting the filing of a motion for extension of time to file a memorandum in response, and S.Ct.Prac.R. XIV(3)(B) prohibits the filing of requests for extension not permitted by the rules,